**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| GENE AUTREY BURRIS SR., Individually, ) ) ) Plaintiff, ) ) vs. ) ) BOB MOORE AUTO GROUP, INC., ) LLC, *et al.,* ) ) Defendants. ) | NO. CIV-12-0440-HE |

## ORDER

Plaintiff Gene Autry Burris sued Bob Moore Auto Group, Inc., LLC, Bob Moore Imports Bob Moore Kia LLC and Bob Moore Buick Pontiac GMC LLC and seven of their employees, alleging various employment discrimination claims. The court previously dismissed some of plaintiff's claims. The remaining claims are for discriminatory failure to hire based on age and race under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA"), and for retaliatory termination under Title VII and the ADEA.[1]

Defendants filed a motion for summary judgment to which plaintiff responded. However, plaintiff failed to controvert defendants' statement of undisputed material facts as

---

[1] *The court will refer to Bob Moore Auto Group, Bob Moore Imports Bob Moore Kia and Bob Moore Buick Pontiac GMC collectively as "Bob Moore" or defendants. It recognizes that plaintiff may have incorrectly named some of the defendants but will refer to them as designated in the amended complaint. Bob Moore Auto Group asserts that plaintiff's claims against it should be dismissed as it never employed plaintiff, but offers no evidence demonstrating that fact. Because summary judgment will be granted in defendants' favor on all claims, the existence or absence of an employer-employee relationship does not matter.*

required by Fed.R.Civ.P. 56 and LCvR56.1(c).  He was instructed that if he disagreed with an asserted fact he must provide admissible evidence that demonstrated that a fact dispute exists.  He also was instructed that he had to specify which document or other evidence he was relying on with respect to each fact he disputed.  The court granted plaintiff leave to file, by February 14, 2013, a supplemental response which complied with the local and federal rules.  He was advised that failure to submit a response complying with the cited rules and standards might result in judgment being entered in favor of defendants.

Plaintiff has not filed a supplemental brief.  Therefore he has failed to controvert the material facts in defendants' motion, which are deemed admitted.  Fed.R.Civ.P. 56(e)(2).

## Discussion

In the absence of evidence of direct evidence of discrimination and retaliation, plaintiff's claims are analyzed under the McDonnell Douglas[2] three-part test.  EEOC v. Horizon/CMS Healthcare Corp., 220 F.3d 1184, 1191 (10th Cir.2000).  Under this burden-shifting framework, plaintiff bears the initial burden of establishing a prima facie case of discrimination or retaliation by a preponderance of the evidence.  Id.  Once he makes out a prima facie case, he "raises a rebuttable presumption that the defendant unlawfully discriminated [or retaliated] against [him]."  Id.  The burden then shifts to the defendant to articulate a facially nondiscriminatory or nonretaliatory reason for the adverse employment action suffered by the plaintiff.  Id.  At this stage of the proceeding the defendant's burden

---

[2] McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973).

is one of production, not persuasion. *Id.* If the defendant sustains its burden, plaintiff "bears the ultimate burden of demonstrating that [defendants'] proffered reason is pretextual." Vaughn v. Epworth Villa, 537 F.3d 1147, 1150 (10th Cir. 2008) (internal quotations omitted). Despite the shifting burden of production "under the McDonnell Douglas framework, the ultimate burden of proving intentional discrimination is borne by the plaintiff." Horizon/CMS, 220 F.3d at 1191-92.

Plaintiff claims that Bob Moore Kia failed to hire him as the general sales manager of a new dealer location because of his race and age. *See* Garrison v. Gambro, Inc., 428 F.3d 933, 936 (10th Cir. 2005) (age and sex discrimination claims are analyzed identically). To establish a prima facie case in the failure to hire context, the plaintiff must show he (1) belongs to a protected class; (2) applied and was qualified for a job for which the employer was seeking applicants; (3) was rejected, despite being qualified; and (4) after he was rejected," the position remained open and the employer continued to seek applicants from persons of [plaintiff's] qualifications." Garrison, 428 F.3d at 937. Defendants have offered uncontested evidence that the reason plaintiff was not hired for the position of general sales manager was because he lacked the supervisory experience required for the job. *See* defendants' Exhibit 5. Plaintiff's failure to show that he was qualified for the position prevents him from establishing a prima facie case of discriminatory failure to hire. *Id.* at 939 ("Under these facts, as a matter of law plaintiffs cannot make a prima facie case of employment discrimination because they were not qualified to apply for the positions."). Therefore, defendants are entitled to summary judgment on plaintiff's race and age

discrimination claims.

Plaintiff claims Bob Moore Buick Pontiac GMC terminated him in retaliation for his complaints of discrimination. To establish a prima facie case of retaliation, plaintiff must show that "(1) [he] engaged in protected opposition to discrimination; (2) [he] suffered an adverse action that a reasonable employee would have found material; and (3) there is a causal nexus between [his] opposition and the employer's adverse action." Antonio v. Sygma Network, Inc., 458 F.3d 1177, 1181 (10th Cir. 2006). Defendants have offered uncontested evidence that plaintiff was terminated because he mistreated and threatened customers.[3] Specifically, plaintiff called customers, who had emailed his employer and complained about his behavior, and threatened them with a lawsuit. *See* defendants' Exhibit 10. Plaintiff failed to offer evidence creating a fact question as to whether defendants' stated reason for his termination was pretextual. Therefore he has not met his burden under the McDonnell Douglas burden-shifting framework and defendants are entitled to summary judgment on plaintiff's retaliation claim. *See* Vaughn, 537 F.3d at 1152-54.

Accordingly, defendants' motion [Doc. # 66] is **GRANTED**. Summary judgment will be entered in favor of defendants and against plaintiff on his Title VII and ADEA failure to hire and retaliatory discharge claims.

---

[3]*It also is questionable whether plaintiff met his burden of establishing a prima facie case of retaliation.*

**IT IS SO ORDERED**.

Dated this 7th day of March, 2013.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE